**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JPMORGAN CHASE BANK, N.A., successor by merger to CHASE HOME FINANCE, LLC,

C.A. No. 1:24-cv-00478

Plaintiff,

v.

ROBERT CARVER, JR., a/k/a ROBERT G. CARVER, LINDA A. CARVER, et al.,

Defendants,

UNITED STATES OF AMERICA, et al.,

Parties-in-Interest.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT/CLAIMANT JOHN B. ENNIS'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

The material facts supporting Ennis's legal-fee claim are established by documentary evidence and sworn affidavits and are not genuinely disputed. The Carvers retained Ennis to represent them in two Superior Court cases and one District Court case, accepted the benefit of those services, incurred an obligation to pay the agreed or reasonable fees and costs, and have defaulted in this interpleader. Plaintiff had actual notice of Ennis's claim and named him as a claimant for that reason. The remaining issue is the amount to be paid from the residual surplus after the federal tax lien.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff filed an interpleader complaint after the September 17, 2019 foreclosure of the Narragansett property.

The Complaint alleges that the property sold for $287,000 and that Plaintiff held $207,963.97 in surplus proceeds, plus accrued interest, after satisfaction of its claimed indebtedness.

The Complaint identifies Ennis as a Party-in-Interest because he communicated a claim for unpaid legal fees and costs incurred in representing the Carvers.

The United States removed the case under 28 U.S.C. §§ 1442 and 1444.

On March 20, 2026, the Court granted the United States' unopposed motion for summary judgment regarding the federal tax lien.

Ennis now seeks judgment only against the residual proceeds.

## III. SUMMARY-JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment shall be granted when the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. A party opposing a properly supported motion must cite particular materials in the record showing a genuine factual dispute. Fed. R. Civ. P. 56(c). A default does not automatically establish the amount of an unliquidated claim, but unrebutted affidavits, contemporaneous billing records, fee agreements, and proof of costs

provide a sufficient evidentiary basis for judgment without a trial where no material fact is controverted.

## IV. ARGUMENT

### A. This Court may adjudicate Ennis's claim to the interpleaded surplus.

Interpleader permits a stakeholder facing competing demands to place a single fund before the Court and obtain an adjudication of the claimants' respective rights. The Complaint expressly requests that every claimant prove its claim and that the Court determine entitlement to the surplus. Ennis's claim for unpaid legal fees and costs therefore falls squarely within the controversy presented.

### B. Rhode Island's attorney-lien statute supports enforcement against the recovery after notice.

Rhode Island General Laws § 9-3-2 provides that, from the time an attorney gives notice of the attorney-client relationship to the person or party against whom a claim or other matter is pending, the attorney's implied or express fee agreement begins to operate as a lien. The statute permits enforcement against the money or thing of value constituting the recovery. Section 9-3-3 permits the lien to be established, foreclosed, and enforced by civil action according to equitable principles.

Here, the Complaint itself alleges that Ennis communicated his claim to Plaintiff's counsel before distribution. Plaintiff then named Ennis as a claimant in this interpleader. Ennis's written notice, correspondence, and affidavit establish actual notice. His lien claim is therefore properly adjudicated against the residual fund.

### C. The fee agreement and course of representation establish liability for unpaid fees and costs.

The Carvers retained Ennis to provide legal representation in three matters, including two Rhode Island Superior Court cases and the Fourth Division District Court eviction case, Oceanside Properties, LLC v. Robert Carver et al., C.A. No. 4CA-2020-00473. The signed engagement agreement, correspondence, pleadings bearing Ennis's appearance, docket records, billing statements, and cost ledger establish the existence and terms of the attorney-client relationship, the work performed, the rates charged, the expenses advanced, all payments or credits, and the unpaid balance.

The Carvers have not answered this action and have produced no evidence that the agreement was invalid, the services were unauthorized, the work was not performed, the charges were previously paid, or the costs were not incurred. The undisputed record therefore establishes breach of the fee agreement and the amount due.

### D. Alternatively, Ennis is entitled to the reasonable value of his services in quantum meruit.

Even if the Court determines that some portion of the express fee agreement is not enforceable, Ennis is entitled to recover in quantum meruit for the reasonable value of necessary legal services accepted by the Carvers. The affidavits and records address the time and labor required, novelty and difficulty of the issues, skill required, customary rates, amount involved, results obtained, time limitations, nature and length of the professional relationship, and Ennis's experience and ability.

### E. The amount claimed is reasonable and adequately documented.

The second affidavit separately addresses the reasonableness of the requested fees. It explains the three proceedings, principal tasks performed, hours expended, rates charged, costs incurred, payments credited, and remaining balance. Contemporaneous itemized records permit the Court to exclude any duplicative, excessive, inadequately described, or unrelated time. The resulting requested amount of $50,000.00 is supported by the record and is unopposed.

### F. Ennis seeks only residual proceeds and does not disturb the United States' priority.

The Court's March 20, 2026 Text Order adjudicated the United States' entitlement under 26 U.S.C. § 6321. Ennis accepts that ruling. His request is expressly

subordinate to the federal lien and limited to funds remaining afterward. Accordingly, granting this motion will not alter the United States' judgment.

### G. The default and absence of contrary evidence leave no genuine issue for trial.

The Carvers were duly served and defaulted. Their default does not by itself establish the amount of an unliquidated fee claim, but it leaves Ennis's competent evidence unrebutted and constitutes an admission of the well-pleaded allegations concerning liability. No claimant has presented evidence disputing the services, rates, hours, costs, notice, or unpaid balance. Once the supporting exhibits are filed, no reasonable factfinder could reject the documented debt without speculation. Summary judgment is therefore appropriate.

## V. CONCLUSION

The Court should grant summary judgment, allow Ennis's claim for $50,000.00, and order payment from the residual interpleaded funds after satisfaction of the United States' federal tax lien and any Court-approved stakeholder deductions.

Respectfully submitted,

JOHN B. ENNIS,
Defendant/Claimant Pro Se

August 10, 2026

/s/ John B. Ennis
JOHN B. ENNIS, Esq. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
Jbelaw75@gmail.com