**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JPMORGAN CHASE BANK, N.A., successor by merger to CHASE HOME FINANCE, LLC, successor by merger to CHASE MANHATTAN MORTGAGE CORPORATION,

C.A. No. 1:24-cv-00478-MRD-AEM

Plaintiff,

v.

ROBERT CARVER, JR., a/k/a
ROBERT G. CARVER,
LINDA A. CARVER, et al.,

Defendants.

**AFFIDAVIT OF JOHN B. ENNIS IN SUPPORT OF CLAIM FOR $50,000.00 IN ATTORNEY'S FEES**

I, John B. Ennis, being duly sworn, depose and state as follows:

1. I am an attorney admitted to practice law in the State of Rhode Island since 1978 the Defendant/Claimant in this action, and competent to testify from personal knowledge.

2. Robert G. Carver, Jr. and Linda A. Carver retained me to represent them in litigation arising from the foreclosure, possession, and occupancy of 15 South River Drive, Narragansett, Rhode Island.

3. My representation included Robert Carver et al. v. JPMorgan Chase Bank, N.A. et al., Washington County Superior Court, C.A. No. WC-2020-0372; Oceanside Properties, LLC v. Catherine Carver et al., Washington County Superior Court, C.A.

No. WD-2020-0405; and Oceanside Properties, LLC v. Robert Carver et al., Fourth Division District Court, C.A. No. 4CA-2020-00473.

4. In WC-2020-0372, I represented Robert and Linda Carver in a declaratory-judgment action that involved extensive pleadings, discovery, motions to compel, motions to amend, dispositive motions, pretrial preparation, witness preparation, trial preparation, post-trial submissions, judgment-related proceedings, and appeal-related work.

5. WC-2020-0372 proceeded to a three-day trial. My work for that trial included reviewing and organizing exhibits, preparing witnesses, legal research, preparing trial memoranda and arguments, appearing in court on each trial day, examining or preparing for the examination of witnesses, addressing evidentiary issues, and performing post-trial work.

6. In addition to the fees directly attributable to the three-day trial, I incurred and earned multiple other fees in WC-2020-0372 for the extensive pretrial, discovery, motion, hearing, post-trial, judgment, and appeal-related work described above.

7. The legal fees claimed are therefore not limited to attendance at trial. They include the substantial work required to litigate the case through discovery, contested motions, preparation for a three-day trial, the trial itself, post-trial submissions, judgment-related proceedings, and appeal-related proceedings.

8. In WD-2020-0405, I represented the Carvers in the related trespass-and-ejectment proceeding, including work concerning possession, execution, use and occupancy,

objections, stipulations, negotiations, contempt proceedings, sanctions-related matters, subpoenas, hearings, and withdrawal proceedings.

9. In 4CA-2020-00473, I represented Robert and Linda Carver in the underlying District Court eviction case, including an answer, entry of appearance, motion to stay, motion to vacate judgment, motion to amend the answer, motion for continuance, motion to dismiss, objections, and notice of appeal.

10. The court dockets and related filings corroborate the duration and scope of the work performed in these three proceedings.

11. Linda A. Carver signed a written fee agreement concerning my representation with an hourly rate of $400.00 for out of Court and $450.00 for in Court matters.

12. My billing records, reconstructed fee summary, correspondence, pleadings, docket entries, and affidavits reflect the legal services performed and the amount due.

13. After all payments and credits, the reasonable unpaid amount owed for the legal services described above is over $80,000.00. However I am only seeking fees in the amount of $50,000.00.

14. The $50,000.00 claim includes fees arising from the three-day trial in WC-2020-0372 and the multiple other fees earned in that case before, during, and after trial, together with fees earned in WD-2020-0405 and 4CA-2020-00473.

15. The requested amount excludes unrelated services, duplicate charges, charges that cannot be adequately supported, and amounts previously paid.

16. Robert and Linda Carver were served in this interpleader action, failed to answer or otherwise respond, and were defaulted. They have not denied the attorney-client relationship, disputed the work performed, objected to the amount claimed, asserted payment, or submitted any evidence opposing the $50,000.00 claim.

17. Before distribution of the foreclosure surplus, I gave notice of my claim for unpaid legal fees to Plaintiff or Plaintiff's counsel. Plaintiff thereafter named me as a Party-in-Interest in this interpleader action.

18. I do not seek priority over the federal tax lien adjudicated by this Court as that has already been paid. I seek payment only from the remaining surplus after satisfaction of that lien.

19. The foregoing statements are true and correct to the best of my knowledge.

John B Ennis
JOHN B. ENNIS

Subscribed and sworn before me on this 7th day of August, 2026.

Ronald Tagliaferri
Notary Public
My Commission Expires: June 9, 2029

RONALD TAGLIAFERRI
NOTARY
PUBLIC
STATE OF RHODE ISLAND