# LEGAL REPRESENTATION AGREEMENT

THIS AGREEMENT is entered into as of the 30th day of August, 2020 in Cranston, Rhode Island, by and between ROBERT CARVER AND LINDA CARVER (hereinafter referred to as "Clients") of the Town of Narragansett, State of Rhode Island and JOHN B. ENNIS, ESQ., (hereinafter referred to as "Counsel") of 1200 Reservoir Avenue, Cranston, Rhode Island.

## I. SCOPE OF ENGAGEMENT

A. Matter Involved: The Client has engaged the Counsel to undertake the legal representation of the Client regarding claims against JPMorgan Chase Bank, N.A. ("Chase") in reviewing documents for the client and providing documents to Chase to review the loan history of the client for the property which is the home of the client at 15 South River Drive, Narragansett, Rhode Island for possible FDCPA, RIFDCPA, RESPA, Regulation X , FCRA, Telecommunication Act claims, TILA claims and any and all other claims against JPMorgan Chase Bank, N.A. and Harmon Law Offices, PC and to file suit to seek a Temporary Restraining Order and other relief against JPMorgan Chase Bank, N.A. and to review the possibility of a suit against Harmon Law Offices, PC, and to defend the case filed by Oceanside Properties, LLC in the 4th Division Court and to file suit in the Washington County Superior Court to set aside the alleged foreclosure by Chase and against Steven Horowitz and Oceanside Properties, LLC for violations of the Fair Debt Practices Act and any other claims and to file suit if necessary (hereinafter referred to as the "Matter").

B. Counsel Functions: By the terms of this Agreement, the Counsel will perform the following legal services:

1. Review the documents of the Client for possible Fair Debt Collection Practices Act violations and any other violations and to file suit if warranted.

C. Client Functions: The Client agrees to perform the following functions:

1. To pay the Counsel for the performance of such legal services, and

to pay for all expenses incurred in connection therewith, as specified in Section II, below.

2. To cooperate fully with the Counsel and to provide all information known by or available to the Client which may aid the Counsel in representing the Client.

D. Authorization and Decision-Making: The Client authorizes and directs the Counsel to take all actions which the Counsel deems advisable on the Client's behalf. The Counsel agrees to notify the Client promptly of all significant developments and to consult with the Client in advance as to any significant decisions attendant to those developments.

## II. LEGAL FEES AND EXPENSES

A. Method of Determining Fees: The Client and the Counsel agree that the following method is to be used for determining the proper amount of legal fees.

1. This matter will have a retainer of $7500.00 The time expended by the Counsel to perform the legal services for the Client in this Matter will be the primary basis for determining the total legal fees to be paid to the Counsel. The following hourly rates will apply:

| | | |
|---|---|---|
| Out of Court Time | $400.00 | per hour |
| In Court Time | $450.00 | per hour |

B. Other Fees, Charges and Expenses:

1. The Client authorize the Counsel retained to pay the fees or charges of every other person or entity hired by Counsel to perform necessary services related to the Matter. Such other persons and entities may include, but are not limited to, court reporters, investigators, real estate experts and actuaries. The Client authorize the Counsel, in its discretion, to direct such other persons and companies to render statements for services rendered and expenses advanced

either directly to the Client or to the Counsel, in which latter event the Client agree to promptly reimburse the Counsel for the full amount of such statements.

2. The Client acknowledges that the Counsel may incur various expenses in providing services to the Client. The Client agree to reimburse the Counsel for all out-of-pocket expenses paid by the Counsel, of, if the Client are billed directly for these expenses, to make prompt, direct payments to the originators of the bills. Such expenses include, but are not limited to, charges for serving and filing papers, courier or messenger services, recording and certifying documents, depositions, transcripts, investigators, witnesses, long-distance telephone calls, copying materials, overtime clerical assistance, travel expenses, postage, and notarial attestations.

C. Scheduling of Billing and Payments: The Client and the Counsel agree to the following schedule of billing and payments for fees and expenses:

1. Any fees, charges, and expenses paid by the Counsel for the Client in this Matter will be billed to the Client as they are incurred by Counsel.

2. The Client agrees to pay in full the amount of each bill within fifteen (15) days of the billing date.

3. Any outstanding balances not paid when due as agreed above will accrue an interest charge of twelve (12%) percent per annum (One (1%) percent per month) from the due date until paid.

## III. GENERAL MATTERS

A. Information to be made available to the Client: The Counsel agrees to assert a diligent effort to assure that the Client are informed at all times as to the status of all matters and as to the courses of action which are being followed, or are being recommended, by the Counsel. The Counsel agrees to make reasonably available to the Client for reading in the Counsel's office all written materials sent or received by the Counsel pertaining to all matters. Copies of all such materials will be provided at the Client' request and at the Client' expense. All of the Counsel's work product will be owned by the Counsel.

B. Conflicting Engagement: The Counsel agrees not to accept, without prior approval from the Client, any engagement known by the Counsel to be in direct conflict with the interests of the Client in matters being handled by the Counsel.

C. Termination of Representation: The relationship established by this Agreement is subject to termination only as follows:

1. The Counsel reserves the right to withdraw from this representation if the Client fails to honor this Agreement or for any just reason as permitted or required under the Rhode Island Code of Professional Responsibility or as permitted by the Rules of Court of the State of Rhode Island. Notification of withdrawal shall be made in writing to the Client. In the event of such withdrawal, the Client agree to promptly pay the Counsel for all other fees, charges and expenses incurred pursuant to Section II B of this Agreement prior to the date of such withdrawal.

2. The Client reserves the right to terminate the representation for cause if the Counsel fails to honor this Agreement. Notification of the termination shall be made in writing to the Counsel. In the event of any such termination by the Client, the Counsel waives any further rights to compensation relative to the representation, Client shall promptly pay the Counsel for all other fees, charges and expenses incurred pursuant to Section II B of this Agreement prior to the date of such termination.

3. Upon termination of this representation for any reason, by either the Client or the Counsel, the Counsel agrees to cooperate with any successor counsel to accommodate a smooth transition of the representation.

D. Effort and Outcome: The Counsel agrees to use best efforts in representing the Client; however, the Client acknowledge that the Counsel has given no assurances regarding the outcome of matters being handled by the Counsel.

E. Retention of Files: The Counsel agrees to assert a diligent effort, subject to casualties beyond the control of the Counsel, to retain and maintain

all of the files of the counsel relative to this representation for a period of six years following the conclusion of each matter, and during such time to afford the Client reasonable access to such files.

F. Complete Integration, Binding Upon All Parties: This Agreement contains the entire agreement between the Client and the Counsel regarding this Matter and the fees, charges, and expenses to be paid relative thereto. This Agreement shall not be modified except by written agreement signed by the Client and the Counsel. This Agreement shall be binding upon the Client and the Counsel and their respective heirs, executors, legal representatives and successors.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement, under seal, as of the date and year first above written.

COUNSEL

JOHN B. ENNIS, ESQ.

CLIENT

ROBERT CARVER

LINDA CARVER