**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JPMORGAN CHASE BANK, N.A., successor by merger to CHASE HOME FINANCE, LLC,

Plaintiff,

v.

ROBERT CARVER, JR., a/k/a ROBERT G. CARVER, LINDA A. CARVER, et al.,

Defendants,

UNITED STATES OF AMERICA, et al.,

Parties-in-Interest.

C.A. No. 1:24-cv-00478

# SUPPLEMENTAL MEMORANDUM OF LAW REGARDING RECOVERY AND REASONABLENESS OF LEGAL FEES

## I. NATURE OF THE FEE CLAIM

Ennis's claim arises from legal representation provided to Robert G. Carver, Jr. and Linda A. Carver in the following proceedings:

1. Oceanside Properties, LLC v. Robert G. Carver et al., Washington County Superior Court, C.A. No. WD-2020-0405;

2. Oceanside Properties, LLC v. Robert G. Carver et al., Washington County Superior Court, C.A. No. WD-2020-0405; and

3. Oceanside Properties, LLC v. Robert Carver et al., Fourth Division District Court, C.A. No. 4CA-2020-00473.

The claim includes unpaid professional fees and litigation expenses directly attributable to those matters. It does not seek fees for unrelated work.

## II. CONTRACTUAL RECOVERY

An attorney-client fee agreement is enforceable according to its terms when the agreement is lawful and the fee is reasonable. The engagement documents and course of dealing establish the agreed rate or other compensation method, responsibility for litigation expenses, billing practices, and payment obligations. The Carvers accepted the representation and did not object contemporaneously to the services or statements identified in the affidavits.

## III. QUANTUM MERUIT

Alternatively, Rhode Island law permits recovery for the reasonable value of services knowingly accepted under circumstances showing that compensation was expected. The record establishes valuable legal services, acceptance and benefit by the Carvers, a reasonable expectation of payment, and nonpayment.

## IV. REASONABLENESS FACTORS

The requested fee should be evaluated by reference to the customary factors governing attorney compensation, including the time and labor required; novelty and difficulty of the questions; skill required; preclusion of other employment; customary local fee; amount involved and results obtained; time limitations; nature

and length of the professional relationship; experience, reputation, and ability of counsel; and whether the fee was fixed or contingent. The supporting fee affidavit applies these factors to the three cases. The itemized statements permit line-by-line review and show that the requested amount excludes unrelated time and accounts for all payments and credits.

## V. LIEN AND IDENTIFIABLE FUND

The surplus proceeds constitute an identifiable fund within the Court's control. Plaintiff had actual notice of Ennis's claim and joined him as a Party-in-Interest. Under R.I. Gen. Laws §§ 9-3-2 and 9-3-3, the express or implied fee agreement may be enforced as a lien against the recovery according to equitable principles.

## VI. REQUESTED AWARD

John B. Ennis requests an award of $50,000.00 in fees and $0.00 in costs, for a total of $50,000.00, payable solely from the residual fund after the United States' lien.

JOHN B. ENNIS, August 10, 2026
Defendant/Claimant Pro Se

/s/ John B. Ennis
JOHN B. ENNIS, Esq. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
Jbelaw75@gmail.com