**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

JPMORGAN CHASE BANK, N.A.,
successor by merger to
CHASE HOME FINANCE, LLC, successor
by merger to CHASE
MANHATTAN MORTGAGE CORPORATION,
Plaintiff

C.A. No. 1:24-cv-00478-MRD-AEM

v.

ROBERT CARVER, JR., a/k/a
Robert G. CARVER, LINDA A. CARVER, et al,
Defendants

**AFFIDAVIT (the "Affidavit") OF WILLIAM J. DELANEY, ESQ.**
**AS TO REASONABLENESS OF ATTOENEYS' FEES**

WILLIAM J. DELANEY, being duly sworn, deposes and says:

1. That your Deponent is of sound mind, over twenty-one years of age and is a resident of Barrington, Rhode Island.

2. Your Deponent is an attorney, having been a member of the Bar of Rhode Island since 1987, and six other states as well.

3. Notwithstanding that Rhode Island does not permit an attorney to specialize in any practice of law, your Deponent has focused his practice on the law in the area of Commercial Law.

4. Your Deponent received his AB from the University of Notre Dame, MBA from Rensselaer Polytechnic Institute, JD from Albany Law School of Union University and LLM in American Baking Law from Morin Center, Boston University Law School.

5. Your Deponent has published several Law Review articles on Commercial Law and is a lecturer on multiple CLE Commercial Law topics.

6. Your Deponent has served as a Chapter 7 Trustee before the United States Bankruptcy Court for the District of Rhode Island in the early 1990's, a Receiver, Trustee, Commissioner and Special Master before the Rhode Island Superior Court, including this Court on at least three matters as Receiver beginning in the early 1990's as well.

7. Your Deponent has also been qualified as an expert in Commercial Law matters before the Rhode Island Superior Court as well as the United States Bankruptcy Court for the District of Rhode Island and several Courts of the Massachusetts Superior Court, including several of its Business Calendars.

8. Your Deponent, over the past twenty-six years, has lectured on Commercial Law classes before six law schools in Rhode Island and Massachusetts, including this semester at New England School of Law.

9. Approximately two weeks ago, your Deponent was contacted by attorney John B. Ennis, also a long-standing member of this Bar ("Counsel"), to review his work in representing the Defendant's herein and specifically, specifically opining as to the reasonableness of his firm's fees incurred in connection with representing the Defendants in the instant matter as well as the several Rhode Island State Court Proceedings.

10. Your deponent has accepted Counsel's request, reviewed the complaint filed by Counsel on January 9, 2025 (the "Complaint"), reviewed additional pleadings filed, including an affidavit of the sole member of the Plaintiff as well as the affidavit of Counsel. Your Deponent also spoke at length with Counsel as well before preparing this Affidavit.

11. Before proceeding in the Affidavit, your Deponent wishes to inform this Court that he and Counsel were classmates at the University of Notre Dame in the early 1970's; Counsel graduated in 1975 and your Deponent graduated in 1976. Although we did not know each other at Notre Dame, your Deponent and Counsel became fast friends when your Deponent began practicing law in Rhode Island in 1987 and have been 'sounding boards' for their own mutual benefit and have nothing but the utmost respect for the professionalism and ethics of each other. In your Deponent's opinion, there is no bias in preparing, executing and filing this Affidavit as your Deponent holds perhaps the most experience in opining as to the reasonableness of Counsel's application for attorneys' fees for the various services performed by Counsel on behalf of the Defendants in the several venues leading up to this Court.

12. The genesis of the instant matter involved a foreclosure (the "Foreclosure") of a mortgage executed by the Defendants in favor of the predecessor Plaintiff (the "Mortgage"). The Foreclosure resulted in a dividend insofar as the Foreclosure yielded an amount in excess of the payoff of the Mortgage (the "Dividend"). An interpleader action was commenced in Washington County Superior Court to resolve the parameters of the order of distribution of the Dividend. Eviction Proceedings before the Washington County District Court were also commenced.

13. From all of the proceedings in Rhode Island State Court, the interpleader action was removed to this Court. However, one constant has been present throughout these proceedings; Counsel representing the Defendants.

14. Over the years, your Deponent has had the honor and pleasure to practice in matters such as the instant action. These types of cases require a seasoned attorney with the knowledge of dealing with commercial loan transactions, eviction issues and litigation skills in preparing and presenting claims and defending such claims.

15. Your Deponent has reviewed the dockets of the proceedings referenced hereinabove (the "Dockets") along with a number of pleadings litigated by and between the parties (the "Pleadings").

16. In addition to the Pleadings. your Deponent has reviewed the Motion plus the affidavit of Counsel as well as his Billing Memorandum representing activities performed on behalf of the Plaintiff (the "Billing Memorandum").

17. This matter involves the preparation of a claim of the Defendants for a portion of the Dividend. The nature of this task involves detailing the basis of the Defendants' claim for the said portion; a rather detailed matter to be reduced to a pleading.

18. The Dockets evidence a six-year period of litigation, including trials; while this may seem rather extended, in the opinion of your Deponent, over half of such cases handled by your Deponent are at least two years in duration. And if there is a need for an insolvency, such an action would elongate the matter for at least a year.

19. In your Deponent's opinion, the Billing Memorandum is reasonable in its scope and composition. Counsel is possibly the senior member of the Rhode Island Bar on such issues, and his actions delineated in the Billing Memorandum is reasonably calculated to furnish the Defendants the maximum chance of realizing a significant recovery of all or the majority of the Dividend.

20. As to the Counsel's Affidavit, given the breadth of Counsel's work, his discounted fee rate was not only appropriate but demonstrated a sensitivity on Counsel's part to accommodate the needs of his clients due to the extended time of the matter and its impact upon the Defendants.

21. Counsel has the reputation in the Rhode Island legal community and on the national level in foreclosure matters of being a very competent attorney and someone whose word is his bond. Counsel's time expended on behalf of Plaintiff was thorough and representative of fulfilling effective legal services for the Plaintiff.

22. Upon reviewing all of the documents and Pleadings as referenced herein and speaking with Counsel as to his personal reflections on representing the Defendants, your Deponent is quite comfortable in opining that the scope of services provided to the Defendants was proper and consistent with the Rhode Island Supreme Court Rules of Professional Conduct as adopted by reference by this Court.

23. Your Deponent prepared this Affidavit in conformance with Colonial Plumbing & Heating Co., v. Contemporary Constr. Co., 464 A.2d 741 (R.I. 1983) ("Colonial"), Rhode Island's seminal case on the reasonableness of attorneys' fees. Based on the discussion in Colonial, your Deponent submits his belief that the requested fees of Counsel on behalf of his client as set forth in the Billing Memorandum are reasonable given the scope of his actions on behalf of the Defendants.

24. Your Deponent is grateful to prepare and furnish this Affidavit on behalf of Counsel and the Defendants.

________________________
William J. Delaney

Sworn to under the pains and penalties of perjury in Barrington, RI on this 10th day of August, 2026.

________________________
Notary Public
My commission expires: ______
Notary No.: _________

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

JPMORGAN CHASE BANK, N.A.,
successor by merger to
CHASE HOME FINANCE, LLC, successor
by merger to CHASE
MANHATTAN MORTGAGE CORPORATION,
Plaintiff

C.A. No. 1:24-cv-00478-MRD-AEM

v.

ROBERT CARVER, JR., a/k/a
Robert G. CARVER, LINDA A. CARVER, et al,
Defendants

**AFFIDAVIT (the "Affidavit") OF WILLIAM J. DELANEY, ESQ.**
**AS TO REASONABLENESS OF ATTOENEYS' FEES**

WILLIAM J. DELANEY, being duly sworn, deposes and says:

1. That your Deponent is of sound mind, over twenty-one years of age and is a resident of Barrington, Rhode Island.
2. Your Deponent is an attorney, having been a member of the Bar of Rhode Island since 1987, and six other states as well.
3. Notwithstanding that Rhode Island does not permit an attorney to specialize in any practice of law, your Deponent has focused his practice on the law in the area of Commercial Law.
4. Your Deponent received his AB from the University of Notre Dame, MBA from Rensselaer Polytechnic Institute, JD from Albany Law School of Union University and LLM in American Baking Law from Morin Center, Boston University Law School.

5. Your Deponent has published several Law Review articles on Commercial Law and is a lecturer on multiple CLE Commercial Law topics.

6. Your Deponent has served as a Chapter 7 Trustee before the United States Bankruptcy Court for the District of Rhode Island in the early 1990's, a Receiver, Trustee, Commissioner and Special Master before the Rhode Island Superior Court, including this Court on at least three matters as Receiver beginning in the early 1990's as well.

7. Your Deponent has also been qualified as an expert in Commercial Law matters before the Rhode Island Superior Court as well as the United States Bankruptcy Court for the District of Rhode Island and several Courts of the Massachusetts Superior Court, including several of its Business Calendars.

8. Your Deponent, over the past twenty-six years, has lectured on Commercial Law classes before six law schools in Rhode Island and Massachusetts, including this semester at New England School of Law.

9. Approximately two weeks ago, your Deponent was contacted by attorney John B. Ennis, also a long-standing member of this Bar ("Counsel"), to review his work in representing the Defendant's herein and specifically, specifically opining as to the reasonableness of his firm's fees incurred in connection with representing the Defendants in the instant matter as well as the several Rhode Island State Court Proceedings.

10. Your deponent has accepted Counsel's request, reviewed the complaint filed by Counsel on January 9, 2025 (the "Complaint"), reviewed additional pleadings filed, including an affidavit of the sole member of the Plaintiff as well as the affidavit of Counsel. Your Deponent also spoke at length with Counsel as well before preparing this Affidavit.

11. Before proceeding in the Affidavit, your Deponent wishes to inform this Court that he and Counsel were classmates at the University of Notre Dame in the early 1970's; Counsel graduated in 1975 and your Deponent graduated in 1976. Although we did not know each other at Notre Dame, your Deponent and Counsel became fast friends when your Deponent began practicing law in Rhode Island in 1987 and have been 'sounding boards' for their own mutual benefit and have nothing but the utmost respect for the professionalism and ethics of each other. In your Deponent's opinion, there is no bias in preparing, executing and filing this Affidavit as your Deponent holds perhaps the most experience in opining as to the reasonableness of Counsel's application for attorneys' fees for the various services performed by Counsel on behalf of the Defendants in the several venues leading up to this Court.

12. The genesis of the instant matter involved a foreclosure (the "Foreclosure") of a mortgage executed by the Defendants in favor of the predecessor Plaintiff (the "Mortgage"). The Foreclosure resulted in a dividend insofar as the Foreclosure yielded an amount in excess of the payoff of the Mortgage (the "Dividend"). An interpleader action was commenced in Washington County Superior Court to resolve the parameters of the order of distribution of the Dividend. Eviction Proceedings before the Washington County District Court were also commenced.

13. From all of the proceedings in Rhode Island State Court, the interpleader action was removed to this Court. However, one constant has been present throughout these proceedings; Counsel representing the Defendants.

14. Over the years, your Deponent has had the honor and pleasure to practice in matters such as the instant action. These types of cases require a seasoned attorney with the knowledge of dealing with commercial loan transactions, eviction issues and litigation skills in preparing and presenting claims and defending such claims.

15. Your Deponent has reviewed the dockets of the proceedings referenced hereinabove (the "Dockets") along with a number of pleadings litigated by and between the parties (the "Pleadings").

16. In addition to the Pleadings. your Deponent has reviewed the Motion plus the affidavit of Counsel as well as his Billing Memorandum representing activities performed on behalf of the Plaintiff (the "Billing Memorandum").

17. This matter involves the preparation of a claim of the Defendants for a portion of the Dividend. The nature of this task involves detailing the basis of the Defendants' claim for the said portion; a rather detailed matter to be reduced to a pleading.

18. The Dockets evidence a six-year period of litigation, including trials; while this may seem rather extended, in the opinion of your Deponent, over half of such cases handled by your Deponent are at least two years in duration. And if there is a need for an insolvency, such an action would elongate the matter for at least a year.

19. In your Deponent's opinion, the Billing Memorandum is reasonable in its scope and composition. Counsel is possibly the senior member of the Rhode Island Bar on such issues, and his actions delineated in the Billing Memorandum is reasonably calculated to furnish the Defendants the maximum chance of realizing a significant recovery of all or the majority of the Dividend.

20. As to the Counsel's Affidavit, given the breadth of Counsel's work, his discounted fee rate was not only appropriate but demonstrated a sensitivity on Counsel's part to accommodate the needs of his clients due to the extended time of the matter and its impact upon the Defendants.

21. Counsel has the reputation in the Rhode Island legal community and on the national level in foreclosure matters of being a very competent attorney and someone whose word is his bond. Counsel's time expended on behalf of Plaintiff was thorough and representative of fulfilling effective legal services for the Plaintiff.

22. Upon reviewing all of the documents and Pleadings as referenced herein and speaking with Counsel as to his personal reflections on representing the Defendants, your Deponent is quite comfortable in opining that the scope of services provided to the Defendants was proper and consistent with the Rhode Island Supreme Court Rules of Professional Conduct as adopted by reference by this Court.

23. Your Deponent prepared this Affidavit in conformance with Colonial Plumbing & Heating Co., v. Contemporary Constr. Co., 464 A.2d 741 (R.I. 1983) ("Colonial"), Rhode Island's seminal case on the reasonableness of attorneys' fees. Based on the discussion in Colonial, your Deponent submits his belief that the requested fees of Counsel on behalf of his client as set forth in the Billing Memorandum are reasonable given the scope of his actions on behalf of the Defendants.

24. Your Deponent is grateful to prepare and furnish this Affidavit on behalf of Counsel and the Defendants.

William J. Delaney

Sworn to under the pains and penalties of perjury in Barrington, RI on this 10th day of August, 2026.

Notary Public
My commission expires: 12/03/26
Notary No.: 752467

ANNE-MARIE AGRESTI
NOTARY
PUBLIC
STATE OF RHODE ISLAND